COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Willis and Lemons
Argued at Richmond, Virginia


JON RAY MOSS, A/K/A
 JOHN R. MOSS
                                    MEMORANDUM OPINION[*] BY
v.  Record No. 2147-97-2        JUDGE JAMES W. BENTON, JR.
                                      FEBRUARY 2, 1999
COMMONWEALTH OF VIRGINIA

            FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                    Herbert C. Gill, Jr., Judge

            Lee W. Kilduff (Morchower, Luxton & Whaley,
            on brief), for appellant.

            Linwood T. Wells, Jr., Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Jon Ray Moss was convicted on two indictments charging that he had "in his possession . . . tools [or] implements . . . with intent to commit . . . larceny . . . [in violation of] Code § 18.2-94."  He contends that the evidence was insufficient to sustain the convictions because the item he possessed was a key.  We affirm the convictions.

                                I.

     The essential facts are uncontested.  Greg Nuckols, the owner of a vending machine company, employed Jon Ray Moss as a salesman.  Moss' duties included servicing the company's coin operated vending machines at various sites.  Moss was given a key that allowed him to open the machines in order to change

---

        [*]Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

merchandise and remove money.  While Moss was employed, one of

the keys used to open the machines was reported missing.  Moss

worked two or three weeks before Nuckols fired him.  After he

fired Moss, Nuckols began to notice that money was being removed

from various machines.  Nuckols reported the losses to the

police.

While investigating Nuckols' complaint, a police detective

questioned Moss regarding the vending machine losses.  Moss told

the detective that Nuckols had fired him.  Moss also admitted

that he took a set of the company's keys, used the keys to enter

several vending machines after he had been fired, and had removed

money from the vending machines.

At the conclusion of the evidence, Moss moved to strike the

evidence and argued that a key was not a tool or implement as

contemplated by Code § 18.2-94.  The trial judge overruled the

motion and convicted Moss on both indictments.

## II.

In a recent appeal involving this same appellant and

concerning similar circumstances, we ruled as follows:

> To place the keys beyond the reach of Code
> § 18.2-94, defendant relies upon a dictionary
> definition of tool, "something (as an
> instrument or apparatus) used in performing
> an operation or necessary in the practice of
> a vocation or profession," Webster's Ninth
> New Collegiate Dictionary 1243 (1985), and of
> implement, "things as are used or employed
> for a trade, or furniture of a house.
> Particularly applied to tools, utensils,
> instruments of labor; as the implements of
> trade or of farming."  Black's Law Dictionary
> 754 (deluxe 6th ed. 1990).

Defendant's arguments, however, misconstrue both the statute and the evidence.  Code § 18.2-94 requires proof that the offending tools, implements or outfit were intrinsically "burglarious" only when the Commonwealth relies upon the statutory presumption to establish the requisite criminal intent.  Here, unaided by the presumption and guided by the dictionary definition cited by defendant, we find that the vending machine keys were tools, "something (as an instrument or apparatus) . . . necessary in the practice of a vocation."  Manifestly, keys to unlock [Nuckols'] vending machines were indispensable to the business.

Moss v. Commonwealth, ___ Va. App. ___, ___, ___ S.E.2d ___, ___ (1999) (footnotes omitted).

The evidence at trial proved that Moss stole a set of keys and used the keys without authorization to open several of the company's vending machines and steal money.  Thus, the evidence was sufficient to prove beyond a reasonable doubt that Moss had in his possession and used keys, which are tools as specified in Code § 18.2-94, with the intent to commit larceny.

Affirmed.

- 3 -